842 So.2d 989 (2003)
Charles Joseph DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2381.
District Court of Appeal of Florida, First District.
April 15, 2003.
Nancy A. Daniels, Public Defender, and Anne H. Dunlap, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Barbara J. Yates, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Appellant, Charles Joseph Davis, challenges his conviction and sentence imposed after a jury found him guilty of strong arm robbery. In particular, Davis argues that the trial court erred by ruling that an incriminating statement he made was an admission not subject to exclusion under section 90.410, Florida Statutes, and Florida Rule of Criminal Procedure 3.172(a).
*990 We agree and, accordingly, reverse and remand this case for a new trial.
Davis, charged with robbery and theft, made the statement at issue while he was in court for a pretrial "rocket docket" arraignment hearing. Defense counsel, the prosecutor, and the judge discussed with Davis the question of a negotiated plea:
MRS. BELLER [defense counsel]: Mr. Davis. Your Honor, Mr. Davis was offered a robbery, second degree, and also a ...
MR. GRAMMER [prosecutor]: Grand theft.
MRS. BELLER: Third degree for retail theft. He was offered two years community control, three years probation. He's declined that plea. We would transfer him to the trial division, and that would be Ann Riehle.
THE COURT: Let me make sure you understand what's happening, Mr. Davis. The, at this point in time the State and you can negotiate back and forth. It's still up to the Court to agree to go along with whatever you negotiate, but once it gets past the point of that, then the issue becomes the jury determining your guilt or innocence of the charge, and if they come back and say you're guilty, then I tell you what your sentence is because I do not negotiate. All right?
MRS. BELLER: Okay, do you understand that if you were found guilty at trial of the robbery, you could receive 15 years in prison?
THE DEFENDANT: Oh, I already told you I was guilty of that, but the grand theft, no, no, no.

(emphasis added). No agreement came about and Davis proceeded to trial.
The State subsequently filed a pretrial motion requesting the court to find Davis's statement admissible, as an admission under section 90.803(18), Florida Statutes. During the hearing on the motion, Grammer testified that he heard the conversation at issue and, at the time, he had not extended a plea offer and the statement was not made in the course of any plea negotiation. Grammer described the context of the statement:
[I]t was a conversation between Ms. Beller and the defendant which, Ms. Beller was intentionally putting it on the record. And it's fairly typical to put that information on the record to, in case the person is convicted later they can't say their lawyer didn't ever tell them what was going on.
Defense counsel argued that the statement should be excluded because "clearly there was a plea offer discussed in some form or fashion" and "this was in the context of a... plea offer...." The court observed that the question asked by counsel, which resulted in the alleged admission, "normally would call for a yes or no answer" and Davis's statement "really is not responsive to the question...." The court granted the State's motion.
The State introduced the statement at trial through Grammer's testimony. Defense counsel objected, and the court adhered to its earlier ruling:
THE COURT: Again, the question that was asked, and I have to go back to the context of the question. Do you understand if you're found guilty at trial you will receive 15 years in prison calls for a yes or no answer. The defendant's response was not responsive to the question, it is an admission type of thing. It is, in a sense, nonresponsive. It is his statement. It is not really in the context of a plea negotiation. It was just spontaneous, almost a spontaneous type of statement being made. So I still feel it is an admission. I'll note the defendant's *991 objection and overrule that objection, allow it to come into evidence.
On appeal, Davis argues that his statement was made in connection with plea negotiations and, therefore, the trial court erred in allowing the statement into evidence as an admission. Davis asserts that his statement indicates he did not want to go to trial on the robbery charge, he did not want to face 15 years in prison, and he had already told defense counsel he was guilty of the robbery (so he would plea to it) but not grand theft. Davis asserts that "[i]n light of [his] `actual, subjective expectation to negotiate a plea at the time of the discussion' and the fact that his `expectation was reasonable given the totality of the objective circumstances,' the trial court reversibly erred in allowing [his] statements into evidence." See Richardson v. State, 706 So.2d 1349, 1353 (Fla.1998); United States v. Robertson, 582 F.2d 1356 (5th Cir.1978).
In Richardson, the Florida Supreme Court set forth the following analysis for determining whether statements should be excluded as made in connection with a plea offer:
At issue is Florida Rule of Criminal Procedure 3.172(h), which states that:
Except as otherwise provided in this rule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.
In construing which statements fall within the ambit of the exclusion, we have adopted the two-tiered analysis used in United States v. Robertson, 582 F.2d 1356 (5th Cir.1978).... In the first step of the analysis, the trial court must determine "whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussion." Robertson, 582 F.2d at 1366. In applying the first prong, the trial court must carefully distinguish between the accused's admissions and the accused's attempts to negotiate a plea bargain. In other words, the trial court "must appreciate the tenor of the conversation." Id. at 1367. From there, the trial court must then discern "whether the accused's expectation was reasonable given the totality of the circumstances." Id. at 1366.
706 So.2d at 1352-53. In this case, the trial court did not expressly apply this two-tiered analysis, but in effect gave the statements at issue the consideration required by that analysis. Regarding the first prong, the court examined "the tenor of the conversation," as required by Richardson and Robertson, as it specifically analyzed the context of the question. Regarding the second prong, given the court's characterization of Davis's answer as nonresponsive, the court at least implicitly concluded that his expectation was not reasonable under the circumstances.
We find, however, that the judge, at the very least, revived the plea negotiations by telling Davis this was the time to negotiate. Just prior to the judge's statement that "at this point in time the State and you can negotiate back and forth," defense counsel indicated that the State had offered Davis two years of community control and three years of probation. Davis's statement was directly responsive to the judge's invitation to negotiate, and his expression of guilt is completely consistent with his desire to induce the State to negotiate a sentence involving some jail time but no probation. Davis thus made the statement at issue as part of ongoing plea negotiations. In so finding, we note the fairly broad scope of the applicable criminal rule and statute, section 90.410. See *992 § 90.410, Fla. Stat. (2000) ("Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 831." (emphasis added)); Richardson, 706 So.2d at 1355-56 ("Rule 3.172(h) and section 90.410, Florida Statutes (1991), prohibit the admission of statements given during plea negotiations. The rule and the statute do not require that a bargain be completed or that a written agreement be signed.... [T]he question here is not whether the statement was given as part of a specific written agreement thereby entitling the defendant to the benefit of his bargain; rather, the question is whether the statement was given during the repeated and ongoing plea negotiations between Richardson and the government. On this record, we find that it was. Therefore, under the rule and our case law, any confession obtained under such circumstances is inadmissible at trial." (footnotes omitted)).
Because we conclude that Davis's statement was improperly admitted at trial, and we cannot conclude that the admission of this statement was harmless, we REVERSE and REMAND for a new trial.
BOOTH and WOLF, JJ., concur.