979 So.2d 1144 (2008)
The STATE of Florida, Appellant,
v.
Modesto GUZMAN, Appellee.
No. 3D07-837.
District Court of Appeal of Florida, Third District.
April 16, 2008.
Bill McCollum, Attorney General, and Angel Fleming and Maria T. Armas, Assistant Attorneys General, for appellant.
Eric M. Cohen, Miami, for appellee.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
We agree with the trial court's order suppressing both (a) the defendant's incriminating *1145 statements during a polygraph examination conducted as a condition of ongoing plea negotiations, see § 90.410, Fla. Stat. (2007); Fla. R.Crim. P. 3.172(h); Richardson v. State, 706 So.2d 1349 (Fla. 1998); Anderson v. State, 420 So.2d 574 (Fla.1982); Davis v. State, 842 So.2d 989 (Fla. 1st DCA 2003); People v. Garcia, 169 P.3d 223 (Colo.Ct.App.2007), cert. denied, No. 07SC521, 2007 WL 2822534 (Colo. Oct.01, 2007); see also United States v. Robertson, 582 F.2d 1356 (5th Cir.1978) (en banc), and (b) his admission to a homicide detective made in contravention of his right to counsel under article I, section 16, Florida Constitution, which had previously attached under that aspect of Traylor v. State, 596 So.2d 957 (Fla.1992), which provides that
a defendant is entitled to counsel at the earliest of the following points: . . . as soon as feasible after custodial restraint.
Id. at 970 (footnote omitted); see also United States v. Harrison, 213 F.3d 1206 (9th Cir.2000); United States v. Medrano, 208 F.Supp.2d 681 (W.D.Tex.2002); State v. Stanley, 754 So.2d 869 (Fla. 1st DCA 2000).
Affirmed.